UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAREE MARTELL HALL,<br><br>Defendant. | Case No. 17-cr-00519-RS-1<br><br>**ORDER REGARDING MOTIONS** *IN LIMINE* |

Having considered the parties' briefing and argument regarding their motions *in limine*, the following rulings will enter.

**A. Government's Motions**

<u>1. Motion to Exclude Evidence in Support of a Necessity or Duress Defense Absent an Adequate Pre-Trial Showing</u>

The motion to exclude any testimony or evidence regarding Ms. Hall's alleged sexual assault is granted consistent with the principles set out in *United States v. Bailey*, 444 U.S. 394 (1980) and *United States v. Vasquez-Landaver*, 527 F.3d 798 (9th Cir. 2008). The lack of evidence corroborating Ms. Hall's allegations—especially the absence of any medical records documenting injuries consistent with sexual assault despite Ms. Hall obtaining medical care three times during her escape—prevents her from making an adequate prima facie showing of the elements required for a necessity defense.[1]

---

[1] Ms. Hall's reply to this motion initially identifies "a text" sent to Ms. Hall by her alleged assailant, which included images of his genitalia, as a piece of corroborating evidence. Dkt. No. 48

Ms. Hall's inability to allege plausibly that she was sexually assaulted renders the proffered testimony of rape counselor Adriana Panting on the issue of rape trauma irrelevant and potentially confusing. It also precludes Ms. Hall from showing she was objectively justified in: a) not utilizing one of the many available legal alternatives to violating the terms of her custody (element four of a necessity defense); or b) failing to surrender to authorities (element five) until her arrest eighteen days after leaving the halfway house.[2]

2. Motion to Exclude Evidence in Support of an Insanity or Mental Defect Defense

The motion to exclude evidence in support of an insanity or mental defect defense is granted consistent with the requirements of Federal Rule of Civil Procedure 12.2 and the principles set out in *United States v. Keen*, 104 F.3d 1111 (9th Cir. 1996).

The government's motion accurately represents the Court's recollection that, at the hearing on November 27, defense counsel stated defendant did not intend to raise an insanity or mental defect defense and that it was thus unnecessary to continue the trial so that the government could seek an expert examination of the defendant. The defendant has not opposed this motion in limine or otherwise indicated this recollection is incorrect. Accordingly, the defendant is precluded from offering any expert or lay testimony, or any other evidence, that supports an insanity or mental defect defense or that generally pertains to her mental health.

---

at 1. The reply later notes, however, that Ms. Hall can "*testify* that she received a text message" from her alleged assailant. Dkt. No. 48 at 3 (emphasis added). Based on the latter description, this order assumes that the text message itself will not be introduced and that its existence will be vouched for only by Ms. Hall's testimony. If this assumption is incorrect, defense counsel may object to this ruling, at which point the Court will reassess its decision in light of the text message and any other corroborating evidence proffered that is not dependent on Ms. Hall's testimony.

[2] While unpublished and non-binding, the Ninth Circuit's reasoning in *United States v. Crawford*, 874 F.2d 817 (9th Cir. 1989) is persuasive on this point. In *Crawford*, the defendant left a halfway house with permission but then failed to return as required. He was arrested seventeen days later on an unrelated charge. At trial, the defendant requested a necessity defense instruction, contending that he escaped the halfway house in order to prevent his drug dependent wife from committing suicide. The district court refused to give the instruction and the Ninth Circuit affirmed, concluding "no rational jury could determine on the basis of the evidence presented that the coercive force of his wife's condition prevented Crawford from making arrangements to return to custody during the seventeen days between his departure and his capture." *Id.*

### 3. Motion Regarding Precluding Defense Counsel from Referring to Punishment or Encouraging Jury Nullification

The motion to preclude defense counsel from referring to punishment or encouraging jury nullification is granted consistent with the principles set out in *United States v. Frank*, 956 F.2d 872 (9th Cir. 1991) and in the concurrence of Judge Trott in *Zal v. Steppe*, 968 F.2d 924 (9th Cir. 1992).

### 4. Motion Regarding Impeachment with Prior Convictions (FRE 609)

The motion regarding impeachment with prior convictions is granted in part and denied in part. The government is permitted to impeach Ms. Hall with evidence of Ms. Hall's 2012 conviction for wire fraud and her 2006 conviction for felony embezzlement of leased property consistent with Federal Rule of Evidence 609.[3] The government is not permitted, however, to impeach Ms. Hall with evidence of her 2000, 2001, and 2002 convictions. These convictions fall outside the ten year window provided by Rule 609(b) and are largely cumulative in light of the convictions that are admissible. Thus, their probative value does not substantially outweigh their prejudicial effect. *See* Fed. R. Evid. 609(b)(1).

### 5. Motion Regarding Testimony of Defendant

The motion to exclude preemptively testimony by the defendant that is irrelevant or based on hearsay is denied. The government can object at trial if it believes the defendant's testimony is irrelevant or based on hearsay and the Court can sustain or deny those objections at that time.

## B. Hall's Motions

### 1. Motion to Exclude FRE 404(b) Evidence

The motion to preclude the government from introducing any evidence in its case in chief regarding past allegations of sexual assault and harassment made by Ms. Hall while in federal custody is granted. The government states in its opposition to this motion that it does not intend to

---

[3] The defendant's reply to this motion acknowledges that both of these convictions are clearly admissible.

introduce such evidence unless: a) Ms. Hall testifies that she was sexually assaulted on June 6, 2017; or b) Ms. Hall's counsellor, Ms. Panting, testifies that Ms. Hall's behavior is consistent with that of a rape victim. Such testimony by Ms. Hall and Ms. Panting has already been precluded (see order above regarding the government's first motion in limine). Thus, there is no reason for the government to introduce the evidence of prior conduct at issue in this motion.

### 2. Motion to Permit Defendant to Testify Regarding Necessity Defense

The motion to permit Ms. Hall to testify regarding her necessity defense is denied consistent with the reasoning provided above regarding the government's first motion in limine to exclude evidence in support of a necessity or duress defense.

### 3. Objection to Government's Intention to Impeach with Prior Convictions

The motion to preclude the government from impeaching Ms. Hall with prior convictions is granted in part and denied in part. As noted with regard to the government's fourth motion above, the government is permitted to impeach Ms. Hall with her 2006 and 2012 convictions. It is precluded, however, from doing so by use of Ms. Hall's 2000, 2001, and 2002 convictions.

**IT IS SO ORDERED**.

Dated: February 6, 2018

_____
RICHARD SEEBORG
United States District Judge